IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                       No. 4:02CR00128 GH

MARY EDELMANN                                                                         DEFENDANT

### **ORDER**

On September 1st, the government filed a motion to amend the judgment and commitment order[1], pursuant to Criminal Procedure Rule 36, to include the forfeiture which was the subject of the July 13, 2004 preliminary and October 22nd final orders previously entered in this matter that was not incorporated by reference due to oversight.

Defendant responded on September 8th in opposition. She argues that the motion does not set forth any facts to support its proposition that the omission of a forfeiture order in the judgment was a clerical error rather than counsel or judicial error which cannot be remedied under Rule 36. Defendant relies on the case of United States v. Pease, 331 F.3d 809 (11th Cir. 2003), which held that although there had been a preliminary order of forfeiture, the omission of a forfeiture order in the judgment was not a clerical error but rather a substantive change to Pease's sentence which was a misuse of Rule 36 and the district court was without jurisdiction to amend the judgment especially since only clerical errors can be remedied after appeal of the judgment.

---

[1] Defendant was sentenced on July 15th and the judgment and commitment was filed and entered on the docket on July 20th.

On September 13th, the government filed a reply that the facts of the preliminary and final orders were referenced in the motion and that those facts support the conclusion that the omission was a clerical error within the meaning of Rule 36 as was found in United States v. Hatcher, 323 F.3d 666 (8th Cir. 2003) where there had been a preliminary order of forfeiture but an omission of the forfeiture from the final judgment and commitment order.  It continues that the Pease case is from the Eleventh Circuit whereas the Hatcher case is binding precedent.

As the government has correctly pointed out, the Eighth Circuit in United States v. Hatcher, supra at 673-674 held, as set out below:

> Angelo Porrello also argues that the District Court lacked jurisdiction to amend its judgment to enter a forfeiture order against him.  The jury convicted Mr. Porrello on March 7, 2001.  On August 2, 2001, the District Court entered a preliminary forfeiture order pursuant to Federal Rule of Criminal Procedure 32.2.  On January 11, 2002, the judge formally announced Mr. Porrello's sentence without mentioning the forfeiture order.  The formal sentence was committed to writing on January 16, again with no mention of the forfeiture.  The government promptly moved for a correction of this judgment, which the District Court granted on April 9, 2002.  Angelo Porrello argues that the District Court lacked jurisdiction to amend its ruling in this way.
>
> A judge has plenary power to amend a final order in a criminal case for seven days.  Fed.R.Crim.P. 35.  That power is not involved in this case, because the amendment came well beyond seven days.  After seven days, the court retains the power only to correct clerical errors.  Fed.R.Crim.P. 36. Mr. Porrello argues that adding a forfeiture order constitutes more than a correction of a clerical error.  If the judge had never before addressed the forfeiture issue, we might agree with Mr. Porrello.  In light of the Court's earlier entry of a preliminary forfeiture order, however, we conclude that the omission did constitute a clerical error.  See United States v. Loe, 248 F.3d 449 (5th Cir. 2001) (holding that a judge who failed to include a final forfeiture order in the formal written sentencing could amend that judgment as a clerical error when he had already entered a preliminary forfeiture order and indicated at the sentencing hearing that he would include that order in the judgment).  Because the error was clerical, the District Court retained jurisdiction to correct it.  We thus find no error in the District Court's entry of the forfeiture order.

In addition, the very recent case of United States v. Bennett, ____F.3d _____, 2005 WL 2179839, *8-9 (3rd Cir. 2005) not only follows the reasoning of the Hatcher case and the majority of the courts that have faced this issue, but further explains in the following excerpts:

> The key question, of course, is whether the District Court's failure to make forfeiture a part of the sentence was an error that can be considered clerical. We think that it can.
>
> The error here was not simply an omission in sentencing; rather, it was the failure to properly carry forward a forfeiture stipulation and preliminary order of forfeiture into the final judgment. This was a purely administrative matter, and the parties clearly understood it as such.
>
> *****
>
> Our reasoning is buttressed by the language of Rule 32.2(b)(3), which states that, at sentencing, "the order of forfeiture becomes final as to the defendant and must be made part of the sentence." Fed.R.Crim.P. 32.2(b)(3). While we do not read this language to mean that the order becomes final automatically, see note 2, supra, it certainly differentiates the forfeiture process from typical criminal punishments. Once a preliminary order of forfeiture has been issued, its metamorphosis into a final order is almost an inevitability. A court's failure to include the final order in the sentence is thus far less substantive than a failure to include other penalties, which do not typically stem from preliminary post-conviction orders.
>
> We thus decline to extend our analysis in Guevremont to the specific facts of this case. Rule 36 generally may not be used to correct the omissions of the district court itself, but where, as here, there is no dispute about notice to the defendant, the court's intent, or the propriety of the result; where the defendant has in fact stipulated to the forfeiture; and where the court has already embodied its intent in an uncontested preliminary order of forfeiture, its omission of forfeiture in the final sentence is for all practical purposes tantamount to a mere clerical error.

Here, there had been both preliminary and final orders of forfeiture filed and the issue of forfeiture was brought up in the sentencing hearing within the context of Thomas Richardson's testimony. Thus, the failure to include forfeiture in the July 20th judgment and commitment was indeed a clerical error under Rule 36.

Accordingly, the government's September 1st motion (#248) to amend judgment and commitment order is hereby granted. The July 20th judgment and commitment is amended at page 6 to reflect:

> The defendant shall forfeit the defendant's interest in the following described property to the United States. The right, title and interest to all of the hereinafter described property, whether real, personal and/or mixed, of the defendant named, is hereby condemned, forfeited and vested in the United States of America. The real property located at #6 Crystal Mountain Drive, Maumelle, Arkansas, belonging to Mary K. Edelmann and her husband, Chris Edelmann, is hereby condemned and forfeited. In lieu of forfeiture to the United States, such property shall be transferred as partial restitution to Thomas J. Richardson under the terms and procedures set out in the October 22nd final order of forfeiture.

IT IS SO ORDERED this 15th day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE