IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                   No. 4:02CR00128 GH

MARY EDELMANN                                                                               DEFENDANT

### ORDER

Pending before the Court is the February 9th motion by defendant for production of grand jury transcript, FBI field notes, witness statements, criminal and arrest records of witnesses, exculpatory evidence, Brady material, Giglio material, and Jencks Act material which she argues were not produced despite the government advising the Court that the materials either had been produced or would be produced in a timely manner. She contends that, while she intends to raise these claims in her planned §2255 motion, she is entitled to these materials to enable her to properly prepare her §2255 motion. Defendant details her arguments as well as attaching exhibits.

On February 15th, defendant filed a motion for the production of the transcript of an in-chambers hearing regarding Chris Becker which she contends does not appear in the trial transcript she and her attorney have been provided. That same date, she filed a motion for production of the jury's special verdicts which she contends neither she nor her attorney were ever provided and which cannot be retrieved from PACER. Attached to this motion are excerpts from the trial transcript where the Court instructed the jury on the special verdicts and the announcement of the verdicts as well as copies of certain pleadings concerning forfeiture.

-1-

Defendant, on February 23rd, filed a motion to remove AUSA Gardner and AUSA Vena from further representation of the government and for the case to be transferred to another United States Attorney's Office outside of the Eastern District of Arkansas due to the alleged unlawful activities of the federal prosecutors and their personal agenda.

The government responded on February 26th regarding the February 9th motion to produce that these type of motions duplicate motions that have previously been denied and are without a factual or legal basis without any pending criminal or civil case. It then lists the motions and orders filed during the pendency of this case here as well as subsequent to the affirmance by the appellate court. The government states that it had provided access to discovery materials as well as Brady, Giglio and Jencks Act materials and defendant is rehashing arguments previously rejected by the Court including those concerning field notes and grand jury materials,

Defendant filed a reply on March 5th that the items have never been produced and Vena is well aware that he is misleading the Court. She then asserts times that the federal prosecutors have lied and manipulated the Court. Defendant also addresses a particularized need for the grand jury materials alleging that the prosecutors altered the grand jury's findings.

On October 11th, the mandate by the Eighth Circuit Court of Appeals affirming defendant's conviction and sentence was filed in this Court. Since then, defendant has filed a series of motions seeking production of certain documents and records. As the government has pointed out, at this time there is no criminal or civil case pending. While defendant has plainly stated that she intends to file a §2255 motions and that is given as her reason for the motions seeking information, the fact remains that defendant has not cited any legal authority for the filing of such motions prior to the filing of the §2255 motion itself. Indeed, Rule 6 of the rules governing §2255 proceedings specifically requires

leave of Court to conduct discovery and Rule 7 concerns expanding the record. However, the Court will provide copies of the special verdicts and even the special instructions regarding forfeiture. Finally, defendant has cited no legal authority to support her request for removal of the federal prosecutors and the transfer of such representation outside of this district.

Accordingly, defendant's February 9th motion (#302) for production of certain materials is denied. Defendant's February 15th motion (#303) to produce transcript of in-chambers hearing is denied. The Court notes that the transcript prepared for the appellate court would contain all such hearings. Defendant's February 15th motion (#304) to produce special verdicts is granted and the Clerk is directed to send defendant documents #144 and #150-153. Defendant's February 23rd motion (#305) to remove AUSA Gardner and AUSA Vena from further representation of the government and for the case to be transferred to another United States Attorney's Office outside of the Eastern District of Arkansas is denied.

IT IS SO ORDERED this 15th day of March, 2007.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE