**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. NO. 4:02CR00128 JLH | |
| MARY K. EDELMANN | DEFENDANT |

## ORDER

Mary K. Edelmann was convicted of two counts of mail fraud, two counts of wire fraud, and one count of engaging in an illegal monetary transaction. The jury verdicts were returned on June 28, 2004. On July 15, 2005, Edelmann was sentenced to serve a term of imprisonment of 92 months on each count to run concurrently with one another, followed by three years of supervised release, a $500 special assessment, and restitution. The judgment was affirmed on August 17, 2006. On April 4, 2007, Edelmann filed a pro se motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. The Court denied that motion on December 6, 2007. Edelmann then filed a pro se motion to reconsider the denial as to her claim that she had been denied her Sixth Amendment right to conflict-free counsel. The Court denied that motion on January 11, 2008. Edelmann then filed a supplemental motion on January 16, 2008, which the Court denied on January 17, 2008. This Court denied Edelmann's motion for a certificate of appealability, so she sought a certificate of appealability from the Eighth Circuit. On July 1, 2008, the Eighth Circuit denied her request for a certificate of appealability.

On August 6, 2008, Edelmann filed a pro se motion for reconsideration of the sentencing issues that had been raised in her § 2255 motion. The Court denied that motion on September 3, 2008. On September 15, 2008, Edelmann filed a pro se motion to consider her § 2255 motion as a

timely motion for new trial pursuant to Rule 33(b)(1) and Rule 12 of the rules governing § 2255 motions. She also filed a pro se motion for appointment of counsel.

The Court has reviewed both motions in their entirety, along with the exhibits. The Court declines to consider Edelmann's § 2255 motion as a timely motion for a new trial. The Court considered that motion for what it was and ruled on its merits. There was no merit in the § 2255 petition. This Court therefore denied a certificate of appealability, and the Eighth Circuit then denied a certificate of appealability. It would defeat every rule of finality now to go back and consider that meritless § 2255 motion as a meritorious Rule 33(b)(1) motion. It was not a Rule 33 motion, and it was not a meritorious motion. Although Edelmann asserts in her present motions that she has newly discovered evidence that would have resulted in a judgment of acquittal, the reality is that the information that she has provided is not newly discovered evidence and would not have resulted in an acquittal.

Edelmann's motion for appointment of counsel is DENIED. Document #356. Her motion to consider her § 2255 petition as a timely motion for new trial is DENIED. Documents #357 and #358.

IT IS SO ORDERED this 19th day of September, 2008.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE