**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                        NO. 4:02CR00128 JLH

MARY K. EDELMANN                                                           DEFENDANT

### OPINION AND ORDER

Mary K. Edelmann has filed a Motion to Set Aside the Judgment Pursuant to Rule 60(b)(6) and Rule 60(d)(1) of the Federal Rules of Civil Procedure.  Her current argument is that the Court was without jurisdiction to impose punishment because the Court had already entered a final judgment on the forfeiture claim before sentence was imposed.

Sentence was imposed on July 15, 2005, and the judgment on that sentence was entered on July 20, 2005.  An amended judgment was entered on September 15, 2005.  Edelmann appealed, and the Eighth Circuit affirmed on October 11, 2006.

Edelmann subsequently filed a pro se motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.  This Court entered an order denying that motion on December 6, 2007.  The Court entered a forty-page memorandum opinion and order that definitively and finally ruled on all of Edelmann's contentions.  On December 21, 2007, Edelmann filed a motion to reconsider as to one issue, which the Court denied.  She then filed a supplemental motion to reconsider that one issue, and the Court denied that motion as well.  She then filed a motion for certificate of appealability, which the Court denied.  Thereafter, she filed a notice of appeal.  Before the Eighth Circuit ruled on her application for a certificate of appealability, she filed a sealed motion for reduction of her sentence, which the Court denied. The Eighth Circuit denied her application for

certificate of appealability and dismissed her appeal.  She has since filed a pro se motion for reconsideration of sentencing issues; a pro se motion to appoint counsel; a pro se motion for reconsideration of the motion to vacate, set aside, or correct her sentence; a supplemental motion for new trial; another motion for reconsideration of the order denying her § 2255 petition; a petition in the Eighth Circuit for authorization to file a successive habeas application (which the Eighth Circuit denied); another motion for a certificate of appealability, which was denied; and a pro se motion for recusal and for enforcement of the plea agreement, which was denied.

The present motion is thus the latest in a long list of motions filed by Edelmann seeking her release from prison.

A federal prisoner may collaterally attack her conviction only by filing a petition pursuant to 28 U.S.C. § 2255.  Where, as here, a petitioner has already filed one petition under § 2255, she cannot file another one without obtaining permission from the United States Court of Appeals for the Eighth Circuit.  28 U.S.C. § 2255(h); Rule 9 of the Rules Governing Section 2255 Proceedings. Edelmann has not obtained permission from the Eighth Circuit to file a second or successive habeas petition pursuant to 28 U.S.C. § 2255.  The Eighth Circuit has said:

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254.  If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002), *cert. denied*, 538 U.S. 953; *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005), *cert. denied*, 545 U.S. 1135 (considering it well-established that inmates may not bypass the authorization requirement for filing a second or successive § 2255 petition by purporting to invoke some other procedure).

Edelmann's current motion is in fact a second or successive habeas petition because she seeks substantive relief from the sentence imposed upon her in this action. *Johnson v. United States*, 2006 WL 2927535, at *2 (D. Minn. Oct. 12, 2006). Edelmann's motion is therefore DENIED. Document #381. A certificate of appealability is also denied.

IT IS SO ORDERED this 26th day of April, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE