**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                     PLAINTIFF

v.                                 NO. 4:02CR00128 JLH

MARY K. EDELMANN                                                    DEFENDANT

**OPINION AND ORDER**

       Mary K. Edelmann was convicted on two counts of mail fraud, two counts of wire fraud, and one count of money laundering. She was sentenced to a term of ninety-two months on each count to run concurrent with each other. She has now filed a motion for modification of her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). For reasons that will be explained, the motion is granted in part and denied in part.

       The crimes for which Edelmann was convicted occurred in 2001. At the time that the crimes occurred, the maximum penalty for mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) was five years. Edelmann was convicted and sentenced in 2005, by which time Congress had amended the mail fraud and wire fraud statutes to increase the maximum term of imprisonment to twenty years. *See* Sarbanes-Oxley Act of 2002, 116 Stat. 745, Pub. Law No. 107-204, § 903 (enacted on July 30, 2002). The presentence report stated that the maximum term of imprisonment on the mail fraud and wire fraud counts was twenty years, which was a mistake.[1] The presentence report stated that the base offense level was six; there was a nine-level enhancement because the intended loss involved more than $400,000; there was a two-level enhancement because the offense

---

[1] *See Weaver v. Graham*, 450 U.S. 24, 32 n.17, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981) (an increase in punishment after the commission of the offense violates the *ex post facto* clause). Here, the Court's docket sheet accurately states that the statutory maximum imprisonment for Counts I-IV was five years.

involved more than one victim; there was a two-level enhancement because the defendant misrepresented that she needed the money for a charitable organization; there was a two-level enhancement because the offense involved sophisticated means; there was a two-level enhancement because the defendant abused a position of trust; and there was a two-level enhancement because she obstructed justice. Those enhancements resulted in an offense level of twenty-five, according to the presentence report. At the sentencing hearing, the Court sustained Edelmann's objection to the enhancement for abuse of trust, which reduced the offense level to twenty-three. Edelmann's criminal history category was VI. Because the counts were grouped under U.S.S.G. § 3D1.2(d), there was one offense level and no adjustment for the multiple counts. Based on an offense level of twenty-three and a criminal history category of VI, the guideline imprisonment range for Edelmann's sentence was ninety-two to one hundred fifteen months.

As noted, the Court sentenced Edelmann to a term of ninety-two months imprisonment on each count to run concurrently. There was no mention in the presentence report, during the sentencing hearing, or on appeal, of the fact that the maximum term of imprisonment on the mail fraud and wire fraud counts was five years inasmuch as that was the maximum term of imprisonment at the time the crimes were committed. The failure to recognize the maximum term of imprisonment on those counts was an oversight, which this Court can correct pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Accordingly, the judgment will be amended to reflect that Edelmann's term of imprisonment on Counts I through IV will be sixty months.

The issue, however, is whether Edelmann's term of imprisonment on Count V should be reduced. Edelmann argues that her term of imprisonment should be modified pursuant to 18 U.S.C. § 35582(c)(2). Her argument is based on Amendments 767 and 770, which clarified the Application

Note to U.S.S.G. § 5G1.2 of the sentencing guidelines. Edelmann argues that a clarifying amendment such as the one clarifying the Application Note to section 5G1.2 is retroactive in the Eighth Circuit pursuant to *United States v. Leon-Alvarez*, 532 F.3d 815 (8th Cir. 2008), and *United States v. Douglas*, 64 F.3d 450 (8th Cir. 1995), and therefore the Court can modify her sentence pursuant to 18 U.S.C. § 3582(c)(2). Edelmann's argument is without merit.

Section 3582(c)(2) authorizes a court to modify the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission only if the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Johnson*, No. 12-1226, 2013 WL 163482, *5 (8th Cir. Jan. 16, 2013). The policy statements of the Sentencing Commission regarding reductions in terms of imprisonment as a result of amended guideline ranges are found in U.S.S.G. § 1B1.10(c), which lists the amendments that can be used to modify a term of imprisonment. The amendments upon which Edelmann relies are Amendments 767 and 770. Neither of those amendments is listed in section 1B1.10(c). Therefore, section 3582(c)(2) does not authorize the Court to modify Edelmann's sentence. *United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994).

Edelmann misreads the two cases upon which she relies. In *Leon-Alvarez*, the government appealed the sentence imposed by the district court. The Eighth Circuit reversed and remanded for resentencing. A concurring opinion suggested that upon remand the district court should apply a clarifying amendment that had been recently adopted by the Sentencing Commission. *Leon-Alvarez*, 532 F.3d at 821. Because on direct appeal the Eighth Circuit reversed the sentence and remanded

3

for resentencing, whether the court had authority to modify the sentence pursuant to section 3582(c)(2) was not an issue.

*Douglas* did present an issue concerning whether section 3582(c)(2) authorized a modification of a sentence that had previously been imposed. The amendment at issue there was Amendment 433, which the Sentencing Commission had approved for retroactive use. *See Douglas*, 64 F.3d at 451; U.S.S.G. § 1B1.10(c). Thus, *Douglas* does not support Edelmann's argument that the Court can modify her sentence based upon an amendment that is not listed in section 1B1.10(c).

In summary, because the Sentencing Commission has not stated in its policy statements that Amendments 767 and 770 are to be applied retroactively, section 3582(c)(2) does not authorize the Court to modify Edelmann's term of imprisonment based on those amendments.

Moreover, even if those amendments applied retroactively, they would not change the guideline range for Edelmann's sentence. The Sentencing Commission explained the reasons for the amendment in the commentary to Amendment 767. The amendment was a response to a circuit split. The disagreement among the circuits related to whether, when at least one count in a multiple count case involves a mandatory minimum sentence that affects the otherwise applicable guideline range as to that count, the mandatory minimum changes the guideline range to all of the counts. *See* U.S.S.G. Supplement to Appendix C, Amendment 767 at p. 19 (Nov. 1, 2012). The effect of Amendments 767 and 770 was to clarify in the commentary that the intent of U.S.S.G. § 5G1.2 was to provide that in a multiple count case, where one count of conviction carries a mandatory minimum that affects the guideline range, that mandatory minimum does not apply to the other counts. In Edelmann's case, there was no mandatory minimum on any count of conviction, so Amendments 767 and 770 have no application.

**CONCLUSION**

For the reasons stated, Mary K. Edelmann's motion for modification of her sentence is granted in part and denied in part. Document #389. Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Edelmann's sentence on Counts I through IV is reduced to sixty months imprisonment to run concurrently with each other and with the sentence on Count V. Edelmann's motion for reduction of her sentence on Count V is denied. The sentence on Count V remains at ninety-two months in prison.

IT IS SO ORDERED this 23rd day of January, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE